IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

---

NANCY WHITELEY OLIVIERI,

    Plaintiff,

v.

PAUL ANTHONY OLIVIERI,

    Defendant.

Shelby Circuit No. 147189-5 R.D.
    C.A. No. 02A01-9512-CV-00282

Hon. Kay S. Robilio

AMY J. AMUNDSEN, Memphis, Attorney for Plaintiff.

DEBORAH L. PAGAN, Memphis, Attorney for Defendant.

*AFFIRMED AND REMANDED*

Opinion filed:

**FILED**

**May 16, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

MEMORANDUM OPINION[1]

---

TOMLIN, Sr. J.

    This is a domestic relations case emanating from the Circuit Court of Shelby County. Wife, Nancy Whiteley Olivieri, was awarded a divorce on the grounds of inappropriate marital conduct. The trial court divided the marital property, marital debt and ordered Husband, Paul Anthony Olivieri, to pay Wife's attorney fees. Husband has appealed, raising five issues for this court to consider: (1) Whether the trial court had subject matter jurisdiction; (2) Was there sufficient proof to grant Wife a divorce on the grounds of inappropriate marital conduct; (3) Whether the trial court erred in ordering Husband to pay Wife's attorney fees; (4) Whether the trial court erred in the amount of attorney fees awarded; and (5) Whether the trial court erred in limiting Husband's ability to question Wife's credibility. For the reasons hereinafter stated, we affirm.

    This is the second marriage for both parties. After meeting one another in Houston, Texas, they were married in May, 1992 following a short, long-distance

---

[1]Rule 10(b) (Court of Appeals). <u>MEMORANDUM OPINION</u>. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

courtship. The parties lived apart some six months following the marriage while Husband continued to work in Houston. He then moved to Memphis where he moved into Wife's home with her two teenage children.

Wife had been previously married and had been awarded over $600,000.00 in separate property at the time of her divorce. Husband brought little assets into the marriage, other than a personal property net worth of some $8,000.00. The record reflects that Husband was unable to find a steady full-time job and supplemented his income with various part-time consulting projects. Wife is a speech pathologist. During the three years of marriage Wife's annual earnings were $13,000.00, $18,000.00 and $40,000.00 respectively. The parties were married for little more than three years, but resided together for only twenty-three months.

To characterize the parties relationship during the course of the divorce proceedings as hostile would be an understatement. At least thirteen motions or petitions and many post-trial petitions were filed during the course of the divorce. In addition to awarding Wife the divorce, the trial court awarded her the marital residence, all the couples' personal property, the parties' marital debt and alimony in the form of attorney fees and expenses in the amount of $15,007.50. Husband was enjoined from any physical contact with Wife or her property.

### I. Subject Matter Jurisdiction

Husband contends that the trial court never had subject matter jurisdiction due to failure of Wife to file a sworn complaint for divorce, in violation of T.C.A. § 36-4-107. While Wife admits that she did not sign the original petition for divorce, the record reflects that she did subsequently file a Motion to Amend Complaint which had attached an affidavit signed by Wife. The trial court granted Wife's motion to amend. Husband's position is further weakened by the fact that he himself filed a counter-complaint against Wife asking the court to grant him a divorce. This issue is without merit.

### II. Lack of Grounds for Divorce.

It is Husband's contention that Wife failed to prove grounds upon which a divorce could be granted. The record reflects that Husband admitted that he told his

Wife that he hated her. In addition it is filled with evidence from various witnesses establishing the negative and destructive behavior that Husband exhibited toward Wife and her children. The trial court observed the testimony of the parties at the hearing below. This issue is also without merit.

### III. Attorney Fees.

Husband contends that the trial court was in error in awarding Wife attorney fees in the amount of $15,000.00. Without a showing of an abuse of discretion, this court will not interfere with the trial court's decision to award attorney fees. Threadgill v. Threadgill, 740 S.W.2d 419, 426 (Tenn. App. 1987). In making the award, the trial court clearly stated that the reasoning behind the award of attorney fees centered on Husband's dilatory tactics which increased the costs of the divorce proceedings. The record bears this out. This issue is also without merit. The court wishes to make it clear that the attorney fee issue embraces both the awarding of attorney fees themselves as well as the amount of attorney fees awarded. The trial court in that connection found that Husband possessed the ability to pay an alimony award such as this and found him to be in essence under-employed. This issue is without merit.

### IV. The Trial Court's Limitations on Husband's Cross-examination.

Lastly, Husband contends that the trial court did not give him ample opportunity to attack Wife's credibility by cross-examination to the extent that he—Husband—felt necessary. The record reflects that the trial court did seek to balance the time on cross-examination. There were several exchanges with the court wherein it appeared that Husband's counsel was a bit contentious. Nonetheless, even if the presentation of proof had been limited, and we do not say that it was, Husband has failed to preserve the record for this court to consider what had been prevented from coming into evidence by making a tender of proof, thereby creating a transcript of the allegedly omitted testimony. Without this offer of proof this court's hands are tied in considering this issue on its merits.

Lastly, Wife requests that this court find the appeal to be frivolous, and award her additional attorney fees and costs to compensate her attorney for representation on appeal. We do find this appeal to be frivolous and are of the opinion that Wife is

3

entitled to additional attorney fees in connection with the appeal.  To determine the amounts that should be awarded, this cause is remanded to the Circuit Court of Shelby County for further proceedings pursuant to the provisions of T.C.A. § 27-1-122.

The judgment of the trial court is affirmed in all respects.  Costs in this cause on appeal are taxed to Husband, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
CRAWFORD, P. J. W.S.          (CONCURS)


_____
LILLARD, J.               (CONCURS)